IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PEPORRO PAPITO MEDINA § | | |
| TDCJ-CID NO. 1383369 § | | |
| v. § | | C.A. NO. C-12-251 |
| § | | |
| RICK THALER § | | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION TO DISMISS**

Petitioner is a state prisoner currently incarcerated at the Coffield Unit in Tennessee Colony, Texas. Proceeding pro se, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction. (D.E. 1). Pending is Respondent's motion to dismiss. (D.E. 23). Petitioner filed a response opposing this motion. (D.E. 25). For the reasons stated herein, it is respectfully recommended that Respondent's motion to dismiss be granted, and that this habeas petition be dismissed.

### I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000). Petitioner was convicted in Aransas County, Texas. (D.E. 1, at 2). Therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6).

### II. BACKGROUND

On December 18, 2002, a grand jury indicted Petitioner for aggravated robbery. (D.E. 24-3, at 23). On May 6, 2003, Petitioner was convicted of the lesser included offense of robbery following a jury trial in state court. Id. at 56. On June 17, 2003, Petitioner entered into an agreement with the State pursuant to which he was sentenced to ten years imprisonment without

fine, fully probated, to be served on community supervision. Id. at 66. Subsequently, the State moved to revoke Petitioner's community supervision, alleging he violated its terms. (D.E. 24-4, at 10). On May 18, 2006, he pleaded true to the alleged violations, and the trial court revoked his community supervision and sentenced him to serve ten years imprisonment. Id. at 24.

Petitioner did not file a direct appeal. However, on May 15, 2007, he filed his first state habeas petition challenging his conviction, alleging: (1) ineffective assistance of counsel; (2) evidentiary insufficiency; (3) prosecutorial misconduct; and (4) that his plea of guilty was involuntary.[1] (D.E. 24-3, at 6-14). On May 31, 2007, the trial court entered written findings of fact and conclusions of law recommending that relief be denied. (D.E. 24-2, at 14). On July 11, 2007, the Texas Court of Criminal Appeals denied his petition without written order, based on the findings of the trial court. (D.E. 24-3, at 2). On September 19, 2007, Petitioner filed a federal habeas petition alleging (1) unlawful arrest and insufficient evidence; (2) jury misconduct; (3) denial of an opportunity to appeal; and (4) ineffective assistance of counsel. Medina v. Quarterman, No. C-07-394 (S.D. Tex. Sept. 19, 2007) (petition).[2] It was dismissed as time-barred on April 29, 2008, and Petitioner was denied a certificate of appealability. Medina, No. C-07-394 (S.D. Tex. Apr. 29, 2008) (slip op.).

On July 29, 2011, Petitioner filed a second state habeas petition. (D.E. 24-5, at 5). On September 21, 2011, the Texas Court of Criminal Appeals dismissed as a subsequent petition pursuant to § 4 of Article 11.07 of the Texas Code of Criminal Procedure. On July 23, 2012, Petitioner filed this federal habeas petition, seeking to challenge his conviction on five grounds:

---

[1] Petitioner contends that this habeas petition was, in fact, a direct appeal. (D.E. 25, at 2).

[2] The action was originally filed in this Court's Houston Division, but transferred to the Corpus Christi Division on October 10, 2007. Medina, No. C-07-394 (S.D. Tex. Oct. 10, 2007) (slip op.).

(1) official misconduct; (2) double jeopardy; (3) jury misconduct; (4) insufficiency of evidence;[3] and (5) ineffective assistance of counsel. (D.E. 1, at 7-8). Respondent filed a motion to dismiss on December 13, 2012. (D.E. 23). Petitioner filed his response in opposition on December 18, 2012. (D.E. 25).

## III. DISCUSSION

Respondent urges that Petitioner's claims should be dismissed because it is a successive petition pursuant to 28 U.S.C. § 2244(b). (D.E. 23, at 4).

### A. Petitioner's Habeas Petition Is Successive Pursuant to AEDPA.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "made it significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." Graham v. Johnson, 168 F.3d 762, 772 (5th Cir. 1999). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application is filed in a district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. This Court has no jurisdiction to consider claims in a habeas action that is "second or successive" unless authorized by the Fifth Circuit. 28 U.S.C. § 2244(b)(3)(A); see also Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003) ("'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one'") (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam)).

A petition "is 'second or successive' when it: '1) raises a claim challenging the

---

[3] Though Petitioner identifies this ground as "false imprisonment," his explanation–though quite unclear–tends to indicate that he is complaining about the sufficiency of evidence presented at trial. (D.E. 1, at 7).

petitioner's conviction or sentence that was or could have been raised in an earlier petition, or 2) otherwise constitutes an abuse of the writ.'" United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (quoting In re Cain, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam)). "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." Key, 205 F.3d at 774 (citing Cain, 137 F.3d at 235). When a petitioner fails to raise a claim in the original petition and then raises it in a later petition, that failure constitutes an abuse of the writ. Crone, 324 F.3d at 837 (citation omitted).

Section 2244(b)(2) provides for two exceptions to the rule barring consideration of successive petitions. Specifically, a claim presented in a successive petition shall not be dismissed if the petitioner: (1) "shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" or (2) if "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts ... if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the [petitioner] guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Here, Petitioner has raised claims that he raised or could have raised in his earlier federal habeas petition. Specifically, his claims for jury misconduct, insufficient evidence, and ineffective assistance of counsel were all raised previously. His other claims, including his "official misconduct" and "double jeopardy" claims, are challenges to his underlying

4

conviction.[4]  He has provided no explanation for why he did not or could not have raised those claims in his previous petition.  Moreover, they do not rely on newly established constitutional law or newly discovered facts.

Petitioner has filed a successive habeas petition without first obtaining authorization by the Fifth Circuit.  Accordingly, it is respectfully recommended that his habeas petition be dismissed.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S.

---

[4] Petitioner specifically alleges in support of these claims that "the court and prosecutor [i]nduced the Jury." (D.E. 1, at 7).  He further indicates that, at trial, neither he nor his counsel were prepared for the court's instruction on the lesser included offense of robbery.  (D.E. 1-1, at 3).  In addition, he indicates that the State misconstrued his testimony during closing argument, and withheld evidence from the jury.  Id.

322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## V.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion to dismiss, (D.E. 23), be granted, and that this habeas petition, (D.E. 1), be dismissed. Additionally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 16th day of January 2013.

                                             _____
                                             BRIAN  L. OWSLEY
                                             UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).