UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| PEPORRO PAPITO MEDINA, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:12-CV-251 |
| § | |
| RICK THALER, § | |
| § | |
| Respondent. § | |

# ORDER

Pending are Petitioner's Motion for Leave to File an Amended Complaint and Motion for Leave to Furnish Additional Complaint which the Court construes as Notices of Appeal to the United States Court of Appeals for the Fifth Circuit. (D.E. 38 and D.E. 40). The Clerk of Court is instructed to re-file these documents accordingly.

Also pending are Petitioner's Motion for Continuance, Motion for Reconsideration, Motion for Leave to Add Amended Claims, Motion for Leave to Furnish Motions, Motion for Leave to Furnish Writ of Mandamus, and Motion for Discussion. (D.E. 34, D.E. 37, D.E. 39, D.E. 41, D.E. 42 and D.E. 44). Petitioner also filed two briefs. (D.E. 36 and D.E. 43). For the reasons stated below, Petitioner's motions are **DENIED**.

Petitioner is a state prisoner currently incarcerated at the Coffield Unit in Tennessee Colony, Texas.[1] Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2002 robbery conviction. Petitioner filed

---

[1] From review of the Texas Department of Criminal Justice, it appears Petitioner may currently be incarcerated at the Estelle Unit in Walker County, Texas.

his first federal habeas petition on September 27, 2007, which was dismissed as time-barred on April 29, 2008. *Medina v. Quarterman*, No. C-07-394 (S.D. Tex. Apr. 29, 2008). On July 23, 2012, Petitioner filed the instant case. His petition was dismissed on May 7, 2013, as successive pursuant to The Antiterrorism and Effective Death Penalty Act ("AEDPA") and final judgment was entered. (D.E. 28 and D.E. 29).

Over a year later, Petitioner filed a Motion to Dismiss Order Adopting Memorandum and Recommendation (D.E. 30) and Motion for Extension of Time. (D.E. 31). The Court, having entered a final judgment more than a year earlier, denied both motions, advising Petitioner that the only avenue available for relief was a Motion for Reconsideration pursuant to Fed. R. Civ. P. 60. (D.E. 33).

Petitioner's pending motions are an attempt to rehash the issues presented in his request for habeas relief. Petitioner has again not supplied any sufficient reason for his delay in seeking relief or any briefing to show he is entitled to any relief under the parameters of Rule 60. Further, Petitioner has filed notices of appeal. (D.E. 38 and D.E. 40). Once a party files a notice of appeal, a district court loses all jurisdiction and is without power to grant a Rule 60(b) motion of the kind filed by the petitioner regarding the merits of his case. *See Rutherford v. Harris County, Tex.*, 197 F.3d 173, 190 (5th Cir. 1999) (explaining that, "once an appeal is taken, the district court is divested of jurisdiction except to take action in the aid of the appeal until the case is remanded to it by the appellate court or to correct clerical errors under Rule 60(a)") (*quoting Travelers Ins. Co. v. Liljberg Enters., Inc.,* 38 F.3d 1404, 1407 n. 3 (5th Cir. 1994)).

Therefore, the pending motions are **DENIED**. (D.E. 34, D.E. 37, D.E. 39, D.E. 41, D.E. 42 and D.E. 44).

ORDERED this 27th day of January, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE